LARRY D. HILL, Petitioner, *v.* ENVIRONMENTAL PROTECTION AGENCY *et al.*, Respondents.

(No. 72-323; ▮▮▮▮▮▮

Third District—December 28, 1973.

William M. Walker, of Rock Island, for petitioner.

Bruce L. Balch, of Rock Island, Prescott Bloom, of Peoria, and Ronald W. K. Lucas, Webster Groves, Missouri (Larry Eaton, of counsel), for respondents.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Petitioner, Larry Hill, seeks direct review of an order issued by the Pollution Control Board which imposed upon him a $2,500 fine. The Environmental Protection Agency filed a complaint against the Eastlawn Water Company, a corporation, the owner-and-operator of a public water supply facility and against past and present owners of the stock of the corporation. The complaint as amended charged violation of section 18 of the Environmental Protection Act (Ill. Rev. Stat. 1971, ch. 111½, par. 1018) and in particular charged failure to maintain a safe, clear water supply, adequate in quantity and quality during the period beginning July, 1970 until the date the complaint was filed and also allowance of flooding at the well site on February 22, 23 and 24, 1971. Section 18 of the act provides:

"Owners and official custodians of public water supplies shall direct and maintain the continuous operation and maintenance of water-supply facilities so that water shall be assuredly safe in quality, clean, adequate in quantity, and of satisfactory mineral character for ordinary domestic consumption."

The corporation was formed in 1956 by members of the Brotman

family for the purpose of supplying water to residents of a subdivision located in Rock Island County, Illinois. In 1970 ownership of the stock and control of the corporation was purchased by and transferred to Hill who remained the sole stockholder until February, 1972, at which time Ronald Lucas purchased the entire interest in the corporation. In addition to the corporation, the Brotmans, Hill and Lucas were all named respondents in the complaint filed by the Agency. At the hearing before the Board it was established that the State had known of inadequacies in the water supply and facilities dating back to 1960 when the Brotmans owned and controlled the corporation but no action was taken against the Brotmans. In July, 1970 the Environmental Protection Act became effective, which was approximately the same time Hill took control of the corporation. In August of 1971 Hill was notified by the State that the facility was in violation of the Act and on December 15, 1971 a letter was sent to Hill directing him to make corrections of inadequacies and defects and to employ a certified operator. The order of the Board dismissed all complaints against Brotmans stating no violation by them was proven for the period alleged in the complaint. Hill was find $2,500 for violating section 18 between July 1, 1970 and February 2, 1972. A cease and desist order was issued against the Eastlawn Water Company and Lucas directing them to take the corrective steps necessary to comply with the Act.

It is petitioner's contention that the statute authorizing the Pollution Control Board to assess penalties is unconstitutional. This question was previously decided by this court adversely to the claim of petitioner in *Ford v. Environmental Protection Agency*, 9 Ill.App.3d 711, 292 N.E.2d 540. We adhere to the rule in the *Ford* case even though a different result has been reached by other panels of the Appellate Court. (See *City of Waukegan v. Environmental Protection Agency*, 11 Ill.App.3d 189, 296 N.E.2d 102.) At this time resolution of the issue is pending before the Illinois Supreme Court and the ultimate result in this case on this issue will depend upon the future disposition by the Illinois Supreme Court. We believe no useful purpose would be served by any further discussion of this issue.

Petitioner argues it is improper to assess individual liability on the basis of stock ownership and control of the corporation and also it is arbitrary to single him out from others equally in violation of the Act. We note in the opinion issued by the Board, it appears the main reason for the Board's decision was its interpretation of the term "official custodians" to mean corporate existence could be disregarded. We have doubt the legislature intended to create individual liability on a sole

individual or a sole stockholder by its use of the term "official custodians". However, we find it unnecessary to decide this question.

We are of the opinion the fine assessed against Hill was arbitrary and capricious. The Board found the corporation, Hill and Lucas guilty of violating the Act, nevertheless it assessed a penalty only against Hill. There is nothing in the nature of the conduct of any of the parties to warrant treating one differently from the others. The conduct must be viewed in reference to the language and requirements of the statute. Absent any reason to distinguish the conduct of one party from the others, the assessment is arbitrary and capricious.

For the foregoing reasons, the order assessing a penalty of $2,500 against Larry Hill is vacated.

Order vacated.

SCOTT, P. J., and ALLOY, J., concur.